**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000519
27-JUN-2018
08:02 AM**

NO. CAAP-17-0000519

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


US BANK TRUST, N.A., AS TRUSTEE FOR LSF9
MASTER PARTICIPATION TRUST, Plaintiff-Appellee,
v.
RONALD SCHRANZ, INDIVIDUALLY AND AS TRUSTEE OF
THE RONALD SCHRANZ REVOCABLE TRUST DATED
JUNE 9, 1992, Defendant-Appellant,
and
HONU ALAHELE HOMEOWNERS ASSOCIATION,
Defendant Appellee,
and
JOHN DOES 1-20; JANE DOES 1-20; DOE
CORPORATIONS1-20; DOE ENTITIES 1-10 AND
DOE GOVERNMENTAL UNITS 120, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 14-1-0135(1))


SUMMARY DISPOSITION ORDER
(By: Ginoza, C.J., Fujise and Leonard, JJ.)

Defendant-Appellant Ronald Schranz, individually and as Trustee of the Ronald Schranz Revocable Trust Dated June 9, 1992 (**Schranz**), appeals from the Judgment entered on June 19, 2017 by the Circuit Court of the Second Circuit (**circuit court**).[1] Schranz also challenges the circuit court's "Findings of Fact, Conclusions of Law and Order Granting Plaintiff's Motion for Summary Judgment for Foreclosure Against All Defendants and for Interlocutory Decree of Foreclosure" (**Order Granting Summary**

---

[1]  The Honorable Rhonda I.L. Loo presided.

Judgment), also entered on June 19, 2017, by the circuit court. The Judgment and Order Granting Summary Judgment were entered against Schranz and in favor of Plaintiff-Appellee U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust (**US Bank**).

On appeal, Schranz contends that the circuit court erred in concluding that US Bank had standing to foreclose despite (1) US Bank's declaring witness not being qualified to authenticate US Bank's business records, and (2) US Bank not presenting "any business records demonstrating that its predecessor, Bank of America, was in possession of the underlying promissory note at the time this mortgage foreclosure action was filed[.]"

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant legal authorities, we resolve Schranz's point of error as follows, and we vacate and remand.

The Hawai'i Supreme Court's opinion in Bank of America, N.A. v. Reyes-Toledo, 139 Hawai'i 361, 390 P.3d 1248 (2017) is dispositive for the purposes of this appeal. In Reyes-Toledo, the supreme court held in a judicial foreclosure action that in order to establish a right to foreclose, the foreclosing plaintiff must establish standing, or entitlement to enforce the subject note, at the time the action was commenced. Id. at 367-70, 390 P.3d at 1254-57.

In Reyes-Toledo, the Hawai'i Supreme Court notes that a foreclosing plaintiff must typically "prove the existence of an agreement, the terms of the agreement, a default by the mortgagor under the terms of the agreement, and giving of the cancellation notice." Id. at 367, 390 P.3d at 1254 (citing Bank of Honolulu, N.A. v. Anderson, 3 Haw. App. 545, 551, 654 P.2d 1370, 1375 (1982)). Furthermore, "[a] foreclosing plaintiff must also prove its entitlement to enforce the note and mortgage." Id. The supreme court then expressed that "[a] foreclosing plaintiff's

2

burden to prove entitlement to enforce the note overlaps with the requirements of standing in foreclosure actions as 'standing is concerned with whether the parties have the right to bring suit.'" Id. (brackets omitted) (quoting Mottl v. Miyahira, 95 Hawai'i 381, 388, 23 P.3d 716, 723 (2001)). Because "standing relates to the invocation of the court's jurisdiction, it is not surprising that standing must be present at the commencement of the case." Reyes-Toledo, 139 Hawai'i at 368, 390 P.3d at 1255. Thus, a foreclosing plaintiff must establish entitlement to enforce the note and standing to foreclose on the mortgaged property at the commencement of the suit. Id.

Here, like the foreclosing bank in Reyes-Toledo, US Bank was granted a decree of foreclosure via a summary judgment ruling. The Complaint for Mortgage Foreclosure (**Complaint**) in this case was filed by Bank of America, N.A., Successor by Merger to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing, LP (**Bank of America**). Thus, US Bank was required to establish that Bank of America had standing when it initiated the action.

The Complaint, filed on March 5, 2014, alleges, inter alia, that: a promissory note was executed and delivered to Countrywide Bank, FSB (**Countrywide**) by Schranz; a true and correct copy of the note was attached to the Complaint; and "[Bank of America] qualifies as the Note holder with standing to prosecute the instant action as the Note is endorsed in blank, thereby converting the Note to a bearer instrument, and because [Bank of America] is currently in rightful possession of the endorsed Note." The copy of the Interest Only Adjustable Rate Note (**Note**) attached to the Complaint indicates Countrywide is the lender on the Note and the Note is endorsed in blank by a Senior Vice President of Countrywide.

On November 23, 2015, the circuit court issued an order substituting US Bank as the plaintiff in place of Bank of America.

On August 31, 2016, US Bank filed a motion for summary judgment. In support of its summary judgment motion, US Bank attached, *inter alia*, a "Declaration of Indebtedness" by Alyssa Salyers (**Salyers**), executed on June 30, 2016, in which Salyers identifies US Bank as "Plaintiff" and attests she is an authorized signer of Caliber Home Loans, Inc. (**Caliber**), "Plaintiff's servicing agent for the subject loan[.]" Salyers further attests that "[US Bank] has possession of the Note" (emphasis added) and that "[i]n anticipation that the original Note is required for these foreclosure proceedings, the Prior Servicer had since caused the original Note to be delivered to the Plaintiff's attorney, TMLF Hawaii LLLC." Salyers also attested that a true and correct copy of the Note was attached to her declaration.

Salyers's Declaration does not attest that Bank of America had possession of the Note when it filed the Complaint, and thus fails to establish Bank of America's standing to initiate this foreclosure action under Reyes-Toledo.[2]

US Bank also filed a supplemental memorandum in support of its Motion for Summary Judgment, which included a "Declaration of Counsel" by Peter T. Stone (**Stone**), executed on April 20, 2017. Stone attested that:

> 5. [Stone] is the managing attorney at TMLF Hawaii, LLLC [(**TMLF**)], a Hawaii limited law company ("Counsel") in this foreclosure action.
> 6. As the managing attorney, [Stone] has knowledge of Counsel's foreclosure practice and procedures including all court related filings in the case of foreclosure.
> 7. As the managing attorney, [Stone's] duties include but are not limited to determining what documentation Counsel will require its clients provide before any foreclosure action is filed.
>
> . . . .

---

[2] Given that Salyers's Declaration does not state that Bank of America had possession of the Note at the time the Complaint was filed, we need not address whether the declaration is sufficient for admitting the pertinent records under U.S. Bank N.A. v. Mattos, 140 Hawai'i 26, 398 P.3d 615 (2017), and Wells Fargo Bank, N.A. v. Behrendt, 142 Hawai'i 37, 414 P.3d 89 (2018).

4

10.    <u>On 06/04/2012, Counsel received the original</u>
<u>Note</u> dated 09/14/2007 signed by [Schranz], payable to
Countrywide Bank, FSB[.]
11.    On 03/05/2014, the Complaint [was] filed.
12.    We have had continuous possession of the
original Note since 06/04/2012 to the present.

(Emphasis added).  In response, Schranz submitted the declaration
of his counsel, Frederick J. Arensmeyer (**Arensmeyer**), attesting
that Stone had worked for the Dubin Law Offices until July 5,
2013, and thus could not have independent personal knowledge that
the Note was delivered to TMLF on June 4, 2012.  At a minimum,
the declarations by Stone and Arensmeyer create a genuine issue
of material fact as to whether TMLF received the original Note
prior to the filing of the Complaint in this action.

Viewing the evidence in the light most favorable to
Schranz, as we must for purposes of a summary judgment ruling,
there is a genuine issue of material fact as to whether Bank of
America was entitled to enforce the subject Note and thus had
standing at the time this foreclosure action was commenced.[3]
Pursuant to <u>Reyes-Toledo</u>, the circuit court erred in granting US
Banks's motion for summary judgment.

Therefore, IT IS HEREBY ORDERED that the following
entered by the Circuit Court of the Second Circuit are vacated:

(1) the "Findings of Fact, Conclusions of Law and Order
Granting Plaintiff's Motion for Summary Judgment for Foreclosure
Against All Defendants and for Interlocutory Decree of
Foreclosure" entered on June 19, 2017; and

(2) the Judgment entered on June 19, 2017.

---

[3] Bank of America submitted an "HRS § 667-O and P Affirmation" with its
Complaint, filed on March 5, 2014.  However, an attorney affirmation does not
establish a lender's entitlement to enforce a note.  <u>See</u> <u>U.S. Bank Tr., N.A.</u>
<u>v. Busto</u>, No. CAAP-16-0000334, 2017 WL 2579070, at *2 (Hawai'i App. Jun. 14,
2017) (SDO) (with Ginoza, J., dissenting on grounds that a majority of this
court disregarded a similar attorney affirmation filed pursuant to HRS § 667-
17); <u>Wilmington Sav. Fund Soc'y v. Yasuda</u>, No. CAAP-17-0000433, 2018 WL
1904909, at *6 (Hawai'i App. Apr. 23, 2018) (SDO) (with Ginoza, J., concurring
based on <u>Wells Fargo Bank, N.A. v. Behrendt</u>, 142 Hawai'i 37, 414 P.3d 89
(2018), wherein the Hawai'i Supreme Court did not give any evidentiary merit
to the attorney affirmation in that case).

This case is remanded to the circuit court for further proceedings.

DATED: Honolulu, Hawai'i, June 27, 2018.

On the briefs:

Gary Victor Dubin,
Fred J. Arensmeyer,
for Defendant Appellant.

Peter T. Stone,
(Daisy Lynn B. Hartsfield,
TMLF Hawaii, LLLC, of counsel)
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge